**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2298

_____

MICHAEL RINALDI,

Appellant

v.

UNITED STATES OF AMERICA; HARRELL WATTS, (Central Office);
J. L. NORWOOD, (Regional Director); B. A. BLEDSLOE, (Warden);
J. E. THOMAS, (Warden); J. GRONDOLSKY, (Acting Warden);
MR. YOUNG, (Associate Warden); MRS. REAR, (Associate Warden);
JOHN DOE (captain); TAGGART, (Deputy Captain); DR. MINK, (Psychology);
MR. KISSELL, (case manager); D. BAYSORE, (counselor);
MR. GEE, (officer); MR. BINGAMAN, (officer); MR. PACKARD, (Officer);
MRS. SHIVERY, (officer); B TAUNER, (officer);
OFFICER N. BEAVER; LIEUTENANT R RAUP

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-13-cv-00450)
District Judge: Honorable Sylvia H. Rambo

_____

Argued on July 11, 2024

Before: BIBAS, ROTH and RENDELL, Circuit Judges

(Opinion filed: October 25, 2024)

Aroosa Cheema          (**ARGUED**)
Ayesha Durrani          (**ARGUED**)
Brian Liu               (**ARGUED**)
Yale Law School
127 Wall Street
New Haven, CT 06511

Tadhg Dooley
David R. Roth
Wiggins & Dana
One Century Tower
265 Church Street
New Haven, CT 06511

        Counsel for Appellant


Timothy S. Judge
Gerard M. Karam
Office of Unites States Attorney
235 N. Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18503

Carlo D. Marchioli
Office of United States Attorney
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N. 6th Street, 2nd Floor
P.O. Box 202
Harrisburg, PA 17102

Weili J. Shaw          (**ARGUED**)
United States Department of Justice
Civil Division Appellate
950 Pennsylvania Avenue NW
Room 7323
Washington, DC 20530

        Counsel for Appellee

ROTH, Circuit Judge

Michael Rinaldi was incarcerated in federal prison in Pennsylvania. He brought claims under the Federal Torts Claim Act (FTCA)[1] and the Eighth Amendment, alleging federal prison officials failed to protect him from a known risk of violence at the hands of his cellmate. Our recent decision in *Fisher v. Hollingsworth*[2] forecloses an implied cause of action under *Bivens*[3] against federal officials for failure to prevent inmate-on-inmate violence in violation of the Eighth Amendment. Therefore, we will affirm the order granting summary judgment against Rinaldi on his *Bivens* claim. We have also reviewed our earlier affirmance of the District Court's dismissal of his FTCA claim, and we find no error.

Rinaldi first sued Defendants on February 19, 2013, alleging violations of the FTCA and the Eighth Amendment. The District Court dismissed his Eighth Amendment failure-to-protect claim for failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995.[4] The District Court also dismissed all claims against the

---

[*] This disposition is not an opinion of the full Court and does not constitute binding precedent.

[1] 28 U.S.C. §§ 1346(b)(1), 2671–80.
[2] 115 F.4th 197 (3d Cir. 2024).
[3] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
[4] *Rinaldi v. United States*, No. 1:13-cv-450, 2015 WL 2131208, at *1, 6–8 (M.D. Pa. May 7, 2015).

United States and individual defendants in their official capacities on sovereign-immunity grounds.[5] The District Court did so based on its construction of Rinaldi's FTCA claim as a pure state-law negligence claim without any constitutional hook.[6]

On appeal from the District Court's decision (*Rinaldi I*), we affirmed the dismissal of Rinaldi's FTCA claim under the discretionary-function exception.[7] We reversed the dismissal of his Eighth Amendment failure-to-protect claim, finding Rinaldi had properly exhausted his administrative remedies.[8] On remand, Defendants moved to dismiss on the threshold issue of whether a *Bivens* remedy is available for Rinaldi's Eighth Amendment claim.[9] The District Court found a *Bivens* remedy did exist for this claim.[10] The court then provided a six-month discovery period, after which Defendants moved for summary judgment.[11] The District Court again held that a *Bivens* remedy was available.[12]

---

[5] *Id.* at *5–6.

[6] *Id.* at *5 ("Setting aside [Rinaldi's] invocation of the Eighth Amendment, the substance of his claim appears to be that he suffered injuries because Defendants forced him to reside with an inmate that they knew, or should have known, had expressed an intention to kill [Rinaldi]. This is essentially a negligence action against Defendants, which is allowed under the FTCA." (citations omitted)).

[7] *Rinaldi v. United States (Rinaldi I)*, 904 F.3d 257, 272–73 & n.15 (3d Cir. 2018).

[8] *Id.* at 270–72.

[9] *Rinaldi v. United States*, No. 1:13-cv-450, 2019 WL 1620340, at *12–15 (M.D. Pa. Apr. 16, 2019).

[10] *Id.* The District Court allowed the Eighth Amendment claim to proceed against some defendants but granted others qualified immunity. *Id.* at *15.

[11] Rinaldi claims the District Court abused its discretion in failing to extend the discovery deadline. While we recognize that pro se incarcerated plaintiffs are often at an unfair disadvantage during the civil discovery process, *e.g.*, *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993), the District Court extended the discovery deadline three times. Rinaldi never moved for an additional extension. *See Rinaldi v. United States*, No. 1:13-cv-450, 2021 WL 2106478, at *3 (M.D. Pa. May 25, 2021). Thus, the District Court did not abuse its discretion.

[12] *Rinaldi*, 2021 WL 2106478, at *7–8.

4

However, it found no genuine disputes of material fact and granted summary judgment to Defendants.[13]  Rinaldi appealed, and we granted his request for counsel.[14]

## I.      Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.  We review findings of fact for clear error, and we review the grant of a motion for summary judgment de novo.[15]

## II.     Discussion

We first consider whether Rinaldi's Eighth Amendment claim is cognizable under *Bivens*.  We then address whether the law-of-the-case doctrine precludes us from reviving his FTCA claim by considering, in view of our recent decision in *Xi v. Haugen*,[16] whether a carveout from the discretionary-function exception to the sovereign-immunity waiver applies to his claim.  Ultimately, we conclude that Rinaldi's Eighth Amendment claim is not cognizable under *Bivens* and that the District Court appropriately foreclosed his FTCA claim.

---

[13] *Id.* at *9–10.  Rinaldi argues that the District Court erred in treating Defendants' factual claims as undisputed due to Rinaldi's noncompliance with a local rule requiring him to file a separate statement of material disputed facts, despite his legitimate reasons for this mistake.  *See id.* at *3 (citing M.D. Pa. Local Rule 56.1).  Because we agree with the District Court that Rinaldi's "objections" to Defendant's factual assertions would be insufficient even if filed properly, we find no error.  *Rinaldi*, 2021 WL 2106478, at *1 n.1.

[14] Our Court appointed students from the appellate clinic at Yale Law School to represent Rinaldi on appeal.  We are grateful for their service to this Court, and we commend their exceptional advocacy.

[15] *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023).

[16] 68 F.4th 824 (3d Cir. 2023).

## A.   *Bivens* **Claim**

The parties and District Court did not have the benefit of our recent decision in *Fisher*, which held that there is "no *Bivens* cause of action" available "against federal officials who fail to protect a prisoner from the violence of other inmates."[17]  This holding derived from the Supreme Court's decision in *Egbert v. Boule*,[18] which we have said holds that "unless a case is indistinguishable from *Bivens*, *Davis* [*v. Passman*[19]], or *Carlson* [*v. Green*[20]], a damages remedy may be created by Congress, but not by the courts."[21]  We "may not create one, no matter how desirable that might be as a policy matter."[22]

Here, Rinaldi, like the plaintiff in *Fisher*, raised an Eighth Amendment claim under *Bivens* for failure to prevent inmate-on-inmate violence.  However, *Fisher* compels us to conclude that "there is no implied constitutional damages action against federal officials who fail to protect prisoners from the criminal acts of their fellow inmates."[23]  Thus, Rinaldi's Eighth Amendment failure-to-protect claim is not cognizable under *Bivens*.[24]

---

[17] *Fisher*, 115 F.4th at 206, 208.
[18] 596 U.S. 482 (2022).
[19] 442 U.S. 228 (1979).
[20] 446 U.S. 14 (1980).
[21] *Fisher*, 115 F.4th at 205.___
[22] *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001).
[23] *Fisher*, 115 F.4th at 206, 208.
[24] Rinaldi argues that *Bistrian v. Levi*, 912 F.3d 79 (3d Cir. 2018), and *Shorter v. United States*, 12 F.4th 366 (3d Cir. 2021), require us to recognize his claim as cognizable under *Bivens*.  However, *Egbert* abrogated those decisions, and we are no longer bound by them.  *Fisher*, 115 F.4th at 204–05.  Instead, we are now bound by *Egbert* and *Fisher*.

## B.    FTCA Claim

Under the FTCA, an incarcerated person may sue to recover money damages from the United States for personal injuries incurred during confinement in a federal prison as the result of a government employee's negligence.[25]  To that end, the FTCA provides a limited waiver of federal sovereign immunity for state-law torts "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."[26]   However, "claims 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused'" fall outside the FTCA's sovereign-immunity waiver.[27]  This "discretionary-function exception" does not apply where the plaintiff's claim rests on state tort law and rises to the level of a constitutional violation.[28]

As explained above, in *Rinaldi I*, we affirmed the District Court's dismissal of Rinaldi's FTCA claim based on the discretionary-function exception.[29]  We held that although his pro se complaint referred to "the Eighth Amendment," the District Court "reasonably construed" Rinaldi's FTCA claim as a pure state-law negligence claim with no constitutional hook.[30]  Because the District Court construed Rinaldi's FTCA claim as

---

[25] *United States v. Muniz*, 374 U.S. 150, 164–65 (1963).

[26] 28 U.S.C. § 1346(b)(1).

[27] *Rinaldi I*, 904 F.3d at 273 (omission in original) (quoting 28 U.S.C. § 2680(a)).

[28] *Haugen*, 68 F.4th at 838.

[29] *Rinaldi I*, 904 F.3d at 272–73 & n.15.

[30] *Id.*

sounding in pure state-law negligence, we did not consider whether the constitutional-violation carveout applied to Rinaldi's FTCA claim.[31]

Rinaldi now claims on appeal that his FTCA claim should be revived in light of our recent decision in *Haugen*, which reaffirmed the carveout from the discretionary-function exception in cases where the tortious conduct "violates the Constitution."[32] He contends that the law-of-the-case doctrine should not bar our reconsideration of his FTCA claim,[33] because *Haugen* decision marked a "substantial change in the legal climate."[34] However, we conclude that "over thirty years of binding circuit precedent" confirms that it did not.[35]

Moreover, we do not read *Rinaldi I* as inconsistent with our preexisting precedent reaffirmed in *Haugen*.[36] In *Rinaldi I*, we held that Federal Bureau of Prisons (BOP) "housing and cellmate assignments are 'of the kind that the discretionary function exception was designed to shield.'"[37] In *Haugen*, we reaffirmed the existence of the constitutional-violation carveout from the discretionary-function exception: a federal official's "'conduct cannot be discretionary if it violates the Constitution' because

---

[31] *Id.*

[32] 68 F.4th at 839.

[33] "Under the law of the case doctrine, one panel of an appellate court generally will not reconsider questions that another panel has decided on a prior appeal in the same case." *In re City of Phila. Litig.*, 158 F.3d 711, 717 (3d Cir. 1998).

[34] Rinaldi Op. Br. at 55 (quoting *Burlington N. R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1233 n.9 (3d Cir. 1995)).

[35] *Haugen*, 68 F.4th at 839.

[36] *Id.*

[37] 904 F.3d at 274 (omissions in original) (quoting *Mitchell v. United States*, 225 F.3d 361, 363 (3d Cir. 2000)).

'[f]ederal officials do not possess discretion to violate constitutional rights.'"[38] Reading

*Rinaldi I* together with our earlier binding precedent, the constitutional-violation carveout

is applicable where a plaintiff plausibly claims that a government employee's negligence

in connection with housing and cellmate assignments rose to the level of a constitutional

violation. However, even with this clarification, we decline to revive Rinaldi's FTCA

claim, as we conclude that the District Court had reasonably construed his claim as one

purely of state-law negligence.

## III.    Conclusion

For the foregoing reasons, we will affirm the order of the District Court, granting

summary judgment.

---

[38] *Haugen*, 68 F.4th at 838 (alteration and omission in original) (quoting *U.S. Fid. & Guar. Co. v. United States*, 837 F.2d 116, 120 (3d Cir. 1988)).

**RENDELL**, <u>Circuit Judge</u>, *concurring in the judgment*

I agree that this case is controlled by our recent decision in *Fisher v. Hollingsworth*, 2024 WL 3820969, but I write separately to urge that while the law provides no way to remedy the alleged harm in this case, it should. What allegedly occurred here should shock the conscience as it violated the Eighth Amendment's prohibition against the infliction of "cruel and unusual punishments." The Founders adopted the Eighth Amendment out of fear that barbaric punishments would be employed by the State to oppress the exercise of the People's fundamental rights, which is precisely what the prison allegedly did in this case.[1]

Rinaldi alleged that prison officials used the threat of inmate-on-inmate violence to discourage him from exercising his right to file administrative grievances against the prison. *Rinaldi I*, 904 F.3d at 262. There is no dispute that a prison official threatened Rinaldi stating that "she would have him . . . placed in a cell with an inmate who was known for assaulting his cellmates," if he submitted any other grievances. *Id.* Rinaldi reported this threat to, among others, his "[c]ase manager," who responded only that "he wasn't going to get involved . . . because it is over his head and they are tired of Rinaldi filing administrative remedies," and nothing was done. JA42. And so, in the face of

_____

[1] *See, e.g.*, 3 *The Debates in the Several State Conventions on the Adoption of the Federal Constitution* 447-48 (Jonathan Elliot ed., 2d ed. 1888) (Henry), http://press-pubs.uchicago.edu/founders/documents/amendVIIIs13.html (calling for the ratification of the Eighth Amendment because "when we come to punishments, no latitude ought to be left" to permit the inflection of "cruel and unusual punishments.")

deliberate indifference by all from whom Rinaldi sought help, the prison official who had threatened Rinaldi delivered on the threat and transferred him into a cell with a prisoner who had an established history of violence against his cellmates. That cellmate assaulted Rinaldi on several occasions causing "cuts, bruises, and pain," "emotional distress," and a "busted lip." JA51; JA322.

In *Fisher*, we stated that "unless a case is indistinguishable from *Bivens*, *Davis*, or *Carlson*, a damages remedy may be created by Congress, but not by the courts." *Fisher*, 115 F.4th at 205. But how can it be that Congress rather than the courts is more suited to provide a remedy here? The injuries in this case were not the unfortunate and unpredictable result of prison housing policy—a matter of "government operations" committed to the purview of Congress, *id.* at 208—but instead, the State's calculated and intended punishment for Rinaldi's exercise of his right to file grievances. Where, as here, prison officials deliberately punish prisoners and subject them to intentional harm to suppress their exercise of fundamental rights, I submit there is no reason that the courts need defer to Congress. Prison officials cannot be allowed to mete out with impunity extrajudicial, cruel, and unusual punishments to those in their custody. While *Egbert v. Boule* seems to limit remedies available under *Bivens*, this type of purposeful infliction of harm in retaliation for the exercise of the right to file grievances warrants an extension of *Bivens*. I urge the Supreme Court to recognize the need for courts to remedy situations such as this.

2